FILED

JUN 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMAS PEREZ, | No. 23-15043 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00067-RCJ-CSD |
| v. | |
| BARRICK GOLDSTRIKE MINES, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted May 14, 2024
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and TUNHEIM,** District Judge.

Plaintiff Tomas Perez brought this action against his former employer, Barrick Goldstrike Mines, Inc., for wrongful interference with his rights under the Family and Medical Leave Act (FMLA) and retaliatory discharge in violation of Nevada public policy. The jury returned a verdict for Barrick on both claims, finding that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Perez had not shown by a preponderance of the evidence that he suffered a serious health condition preventing him from performing his job under the FMLA or that Barrick terminated his employment because he filed a worker's compensation claim. Perez appeals, arguing that substantial evidence does not support the jury's FMLA verdict and that the district court erred by omitting his proposed jury instructions regarding Nevada's workers' compensation code, Nevada's "Spotters" statute, and the FMLA good-faith defense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

    1.    Perez waived his sufficiency of the evidence challenge by failing to file motions pursuant to Federal Rules of Civil Procedure 50 or 59. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401–04 (2006); *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088–89 (9th Cir. 2007). In any event, Perez's challenge to the sufficiency of the evidence would fail on the merits.

"We review a jury verdict to determine whether it is supported by substantial evidence, and we may overturn a jury's verdict in those rare cases where the evidence 'permits only a conclusion contrary to [that] verdict.'" *Barnard v. Theobald*, 721 F.3d 1069, 1076 (9th Cir. 2013) (quoting *McLean v. Runyon*, 222

---

[1] In a concurrently filed opinion, we reject Perez's argument that the district court should have instructed the jury that the only way for Barrick to challenge a doctor's certification would have been to obtain recertifications or subsequent opinions from additional medical experts.

F.3d 1150, 1153 (9th Cir. 2000), *as amended*). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

Perez argues that the jury's finding that he did not have a serious health condition is unsupported. An employee is entitled to FMLA leave if he has "a serious health condition that makes the employee unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is an "injury" that involves "continuing treatment" by a health care provider—or a period of incapacity of more than three consecutive calendar days. 29 U.S.C. § 2611(11); 29 C.F.R. § 825.115(a). As support for the conclusion that his injury satisfied this standard, Perez points to the fact that Dr. Black diagnosed him with a chest wall contusion and muscle spasms, prescribed him muscle relaxants that would make driving an underground haul truck dangerous, certified that he was to remain off-work for more than three consecutive days, and scheduled follow-up appointments.

Yet this is not a case where there is "an absolute absence of evidence to support the jury's verdict." *Image Tech. Servs. v. Eastman Kodak Co.*, 125 F.3d 1195, 1212 (9th Cir. 1997). The jury considered ample evidence suggesting that Perez faked his injury to fraudulently obtain FMLA leave, including: an employee

3

report that Perez was feigning a work-related injury to take time off to fix his rental properties; video evidence depicting Perez engaging in various activities, including manual labor, without visible difficulty or discomfort; Perez's failure to explain himself when given the opportunity to do so; and the doctor's testimony that his treatment plan was based on Perez's subjective complaints of pain. Moreover, Dr. Black observed no apparent physical injuries on Perez; his X-rays were normal and his heart and lungs were functioning normally.[2] On this record, there was ample basis for the jury to conclude that Perez lied about sustaining an injury so he could take off work to focus on outside business activities. The only evidence that could corroborate Perez's injury was his own narrative, which the jury was free to disregard. *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam) ("Although the trial judge can weigh the evidence and assess the credibility of witnesses, we may not."). And for the reasons we explain in our accompanying opinion, the jury's verdict is not unsupported simply because Barrick chose not to offer a competing medical opinion, which it was not required to do under the FMLA.

2. We review jury instructions de novo for prejudicial error. *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001). "[P]rejudicial error results when,

---

[2] Perez contends his injuries could not be faked because muscle spasms are involuntary conditions. But the jury could still conclude, based on the rest of the evidence, that Perez did not have a serious health condition that prevented him from performing the functions of his job.

4

'looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered.'" *Id.* (quoting *In re Asbestos Cases*, 847 F.2d 523, 524 (9th Cir. 1988)). Reversal is required unless "the error is more probably than not harmless." *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

The district court properly rejected Perez's proposed instructions because they were not germane to the issues within the jury's purview. Perez did not have a cause of action under Nevada's workers' compensation law, so there was no need to instruct the jury on it. Similarly, Perez did not assert a claim under the Nevada Spotters statute, nor could he have. *See* NRS § 613.160, subd. 2 (providing no private right of action). Finally, the district court ruled that Barrick could not rely on the FMLA's good-faith defense, which negated any need to instruct the jury on it.

Because Perez's proposed instructions had no bearing on the elements of his FMLA interference or retaliatory discharge claims, they could not have changed the outcome of the case. *See Clem*, 566 F.3d at 1182. Accordingly, there was no prejudicial error.

**AFFIRMED.**

5